**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4550**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MATTHEW DWAYNE SMITH, a/k/a Mackie, a/k/a
Smac,

Defendant - Appellant.

_____

**No. 06-4560**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ERNEST VAN CARR, a/k/a E,

Defendant - Appellant.

_____

**No. 06-4613**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANGEL MANUEL GONZALEZ, a/k/a Genito Carr,
a/k/a To,

Defendant - Appellant.

---

Appeals from the United States District Court for the Northern District of West Virginia, at Martinsburg. Irene M. Keeley, Chief District Judge. (3:05-cr-00007-WCB)

---

Submitted: March 28, 2007                     Decided: May 29, 2007

---

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Kevin T. Tipton, CLAGETT & TIPTON, White Hall, West Virginia; Barry P. Beck, POWER, BECK & MATZUREFF, Martinsburg, West Virginia; Edmund J. Rollo, Morgantown, West Virginia, for Appellants. Sharon L. Potter, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Matthew Dwayne Smith, Ernest Van Carr, and Angel Gonzalez of conspiracy to distribute more than fifty grams of crack cocaine, in violation of 21 U.S.C. § 846 (2000), and various substantive offenses, in violation of 21 U.S.C. § 841(a)(1) (2000), and 18 U.S.C. § 2 (2000). In these consolidated appeals, Appellants challenge their convictions and sentences. Finding no reversible error, we affirm.

## I. Carr

On appeal, Carr asserts that the evidence was insufficient to convict him of conspiracy to possess with intent to distribute and to distribute crack cocaine because the Government failed to prove an interdependence between him, Gonzalez, and Smith sufficient to show that he knowingly joined the conspiracy. We review de novo the district court's decision to deny a motion for judgment of acquittal under Fed. R. Crim. P. 29. United States v. Smith, 451 F.3d 209, 216 (4th Cir.), cert. denied, 127 S. Ct. 197 (2006). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); Smith, 451 F.3d at 216. This court "can reverse a conviction on insufficiency grounds only when the prosecution's

failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir.) (internal quotation marks and citation omitted), cert. denied, 127 S. Ct. 452 (2006).

"To prove a conspiracy under 21 U.S.C. § 846, the government must prove (1) an agreement between two or more persons to engage in conduct that violates a federal drug law, (2) the defendant's knowledge of the conspiracy, and (3) the defendant's knowing and voluntary participation in the conspiracy." United States v. Strickland, 245 F.3d 368, 384-85 (4th Cir. 2001); United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). A defendant may be convicted of conspiracy without knowing all the conspiracy's details, as long as he joins the conspiracy understanding its unlawful nature and willfully joins in the plan on at least one occasion. Burgos, 94 F.3d at 858. Once the existence of a conspiracy is established, only a slight link between a defendant and the conspiracy is needed to support a conviction. United States v. Cardwell, 433 F.3d 378, 390 (4th Cir. 2005), cert. denied, 126 S. Ct. 1669 (2006). Our review of the trial testimony convinces us that the Government demonstrated Carr's knowing participation in the conspiracy. Although Carr asserts that some of the Government's witnesses were not credible, "[w]e do not review the credibility of the witnesses and assume the jury resolved all contradictions in the testimony in favor of the

government." United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002).

Next, Carr asserts that the evidence was insufficient to prove that he aided and abetted Smith's distribution of crack on July 20, 2004 (Count 9). Carr contends that the confidential informant contacted Smith for crack and that Carr was "simply present" at the drug deal but did not aid, abet, or assist. "A defendant is guilty of aiding and abetting if he has knowingly associated himself with and participated in the criminal venture." Burgos, 94 F.3d at 873 (internal quotation marks and citation omitted). We conclude that the evidence presented at trial supported the jury's guilty verdict on Count 9. See id.; see also United States v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005) (discussing elements of offense of distribution of a controlled substance), cert. denied, 126 S. Ct. 1925 (2006).

Carr also contends on appeal that the Government failed to prove that he aided and abetted Smith's possession of crack cocaine with the intent to distribute on July 20, 2004 (Count 10). Carr asserts that, because officers seized the crack from Smith's pants pocket, he (Carr) could not have constructively possessed the crack because he did not have dominion and control over the car where the drugs were found. Although Carr challenges his constructive possession of the drugs, the issue is whether Carr aided and abetted Smith's possession of crack with intent to

distribute. The evidence at trial disclosed that Smith had actual possession of 5.2 grams of crack cocaine when he was arrested after a controlled buy with a confidential informant. See United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005) (setting forth elements of offense of possession with the intent to distribute). By assisting Smith in the actual distribution of crack (the offense charged in Count 9), it was reasonable for the jury to infer that Carr knew Smith was involved in the illegal distribution of a controlled substance and knowingly participated in Smith's possession of crack cocaine with the intent to distribute. See Burgos, 94 F.3d at 873. Accordingly, we conclude that the evidence was sufficient to support the jury's verdict on Count 10.

Turning to Carr's challenges to his 151-month sentence, he first asserts that the district court erred when it refused to sentence him below the advisory sentencing guideline range calculated using the 100:1 crack-to-powder cocaine ratio. Carr correctly concedes that his argument is foreclosed by our decision in United States v. Eura, 440 F.3d 625, 633-34 (4th Cir. 2006), petition for cert. filed, __ U.S.L.W. __ (U.S. June 20, 2006) (No. 05-11659). Although Carr urges us to reconsider our holding in Eura, "a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc can do that." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271-72 n.2 (4th

Cir. 2002) (internal quotation marks and citation omitted). Thus, Carr is not entitled to relief on this claim.

Next, Carr asserts that the district court failed to adequately consider the factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), before sentencing him, that the court effectively applied a mandatory sentencing guidelines scheme, and that his sentence is unreasonable because he received the same sentence Gonzalez received. After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in imposing a sentence post-Booker, courts still must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and § 3553(a). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). This court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

Our review of the record leads us to conclude that the district court appropriately treated the guidelines as advisory and sentenced Carr only after considering and examining the sentencing

- 7 -

guidelines and the § 3553(a) factors, as instructed by Booker. Carr suggests that his sentence is unreasonable because it was the same as Gonzalez's, whose participation in the conspiracy Carr alleges was greater than his. See 18 U.S.C.A. § 3553(a)(6). Carr and Gonzalez, however, do not have similar criminal histories. In addition, Carr's 151-month sentence is below the statutory maximum sentence of life imprisonment. See 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2006). Finally, neither Carr nor the record suggests any information so compelling as to rebut the presumption that a sentence within the properly calculated guideline range is reasonable. We therefore conclude that the district court adequately considered the § 3553(a) factors before imposing Carr's sentence and that the sentence is reasonable.

## II. Gonzalez

Gonzalez contends that the district court erred in denying his motion for a mistrial in light of testimony that he threatened a woman with a gun in an effort to recover stolen drug proceeds. Gonzalez correctly notes that, before trial, the district court excluded that testimony as unfairly prejudicial under Fed. R. Evid. 403. This court reviews for an abuse of discretion a district court's denial of a motion for a mistrial. United States v. Stockton, 349 F.3d 755, 762 (4th Cir. 2003). We have held that "[a] defendant must show prejudice in order for the

court's ruling to constitute an abuse of discretion, and no prejudice exists if the jury could make individual guilt determinations by following the court's cautionary instructions." United States v. West, 877 F.2d 281, 288 (4th Cir. 1989).

We find no abuse of discretion in the district court's denial of Gonzalez's motion for a mistrial. Immediately after the witness' testimony about the excluded incident, the district court directed the jury to disregard the witness' statement and, in its final instructions to the jury, also stated that "[a]ny evidence to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded." (JA-III at 1235). We presume that the jury followed the court's instructions to disregard the testimony about the gun. See United States v. Williams, 461 F.3d 441, 451 (4th Cir.), cert. denied, 127 S. Ct. 616 (2006). Moreover, our review of the trial testimony convinces us that the jury independently determined Gonzalez's guilt on each count against him. See West, 877 F.2d at 288.

Gonzalez also asserts that his trial counsel[*] provided ineffective assistance by introducing evidence of a prior state court conviction for possession of cocaine on the same day as the offense charged in Count 5 of the indictment. We "may address [claims of ineffective assistance of counsel] on direct appeal only if the lawyer's ineffectiveness conclusively appears from the

[*]Gonzalez is represented by new counsel on appeal.

- 9 -

record." United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir.), cert. denied, 126 S. Ct. 1407 (2006); see Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984) (discussing standard for claims of ineffective assistance of counsel). Applying these standards, we decline to review this claim on direct appeal.

Gonzalez next challenges his sentence, asserting that the district court erred by enhancing his base offense level two levels for possession of a weapon under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2005). We review the district court's application of the enhancement under § 2D1.1(b)(1) for clear error. See United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001). This "adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1(b)(1), cmt. n.3; see McAllister, 272 F.3d at 233-34. Our review of the record convinces us that the district court did not clearly err in applying the enhancement.

III. Smith

Smith asserts on appeal that the district court erred in relying on the testimony of William Tolbert to determine the amount of drugs attributable to him. In evaluating Tolbert's trial testimony at sentencing, the district court did not wholly reject it. Rather, the court used only conservative estimates of the portions of Tolbert's testimony the court deemed to be credible.

See Sun, 278 F.3d at 313. Given this approach, we conclude that the district court's credibility determination and its ultimate determination of drug quantity should not be disturbed on appeal.

## IV. Conclusion

Accordingly, we affirm Smith's sentence, affirm Carr's convictions and sentence, and affirm Gonzalez's convictions and sentence. We also decline to review Gonzalez's ineffective assistance of counsel claim on direct appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED